UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

SAMUEL SHARRON BARFIELD,                                              Plaintiff,

v.                                     Civil Action No. 3:18-cv-P352-DJH

JOHN STORZAN *et al.*,                                                Defendants.

\* \* \* \* \*

**MEMORANDUM OPINION**

Plaintiff Samuel Sharron Barfield filed the instant *pro se* 42 U.S.C. § 1983 action proceeding *in forma pauperis*. The complaint is now before the Court for initial screening pursuant to 28 U.S.C. § 1915A. For the reasons stated below, the Court will dismiss the action upon screening.

**I.**

Plaintiff, identifying himself as a convicted inmate at the Louisville Metro Department of Corrections (LMDC), sues John Storzan, whom he identifies as a Registered Nurse at LMDC; an "Unknown Correctional Officer" at LMDC; and LMDC Director Mark Bolton. Plaintiff sues each Defendant in his individual and official capacities.

Plaintiff states the following:

> Approximately July 12, 2017, RN [illegible] Nurse John Storzan and a unknown officer came to my cell called me to the door the officer stood with me while RN J. Storzan went to a door down the hallway returned with a small paper cup with to pills in side and told me to take them after 3 hours I became very sick with diarrhea and throwing up for around 4 days until I was called to see doctor for something else which at this time I ask him had he give or prescribed me anything he said no I told what had happen and there was nothing he could do about the situation.

Plaintiff attached to his complaint a page titled, "Separate Memorandum" in which he lists the legal claims he is asserting against each Defendant. Against Defendant Storzan, Plaintiff states

that he is alleging "medical malpractice, personal injury, pain and suffering, mental anguish, mental cruelty, [and] cruel and unusual punishment . . . ." Against the Defendant unknown officer, he alleges "harassment, personal injury, pain and suffering, mental anguish, mental cruelty, [and] cruel and unusual punishment . . . ." Against Defendant Bolton, Plaintiff alleges "failure to properly supervise medical staff, failure to properly supervise correctional officers, lack of oversight, personal injury, pain and suffering, mental cruelty, mental anguish, [and] cruel and unusual punishment."

As relief, Plaintiff seeks compensatory and punitive damages and injunctive relief.

## II.

When a prisoner initiates a civil action seeking redress from a governmental entity, officer, or employee, the trial court must review the complaint and dismiss the complaint, or any portion of it, if the court determines that the complaint is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* § 1915A(b)(1), (2); *McGore v. Wrigglesworth*, 114 F.3d 601, 604 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007).

In order to survive dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). "[A] district court must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as true." *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009) (citing

*Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009) (citations omitted)). "But the district court need not accept a 'bare assertion of legal conclusions.'" *Tackett*, 561 F.3d at 488 (quoting *Columbia Natural Res., Inc. v. Tatum*, 58 F.3d 1101, 1109 (6th Cir. 1995)). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.' Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555, 557).

Although this Court recognizes that *pro se* pleadings are to be held to a less stringent standard than formal pleadings drafted by lawyers, *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991), "[o]ur duty to be 'less stringent' with pro se complaints does not require us to conjure up unpled allegations." *McDonald v. Hall*, 610 F.2d 16, 19 (1st Cir. 1979) (citation omitted). And this Court is not required to create a claim for Plaintiff. *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1169 (6th Cir. 1975). To command otherwise would require the Court "to explore exhaustively all potential claims of a *pro se* plaintiff, [and] would also transform the district court from its legitimate advisory role to the improper role of an advocate seeking out the strongest arguments and most successful strategies for a party." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

### III.

#### *Federal claims*

The Court construes Plaintiff's allegations of failure to provide proper medical treatment as § 1983 claims brought under the Eighth Amendment. To establish an Eighth Amendment violation premised on inadequate medical care, a prisoner must demonstrate that the defendant acted, or failed to act, with "deliberate indifference to serious medical needs." *Farmer v. Brennan*, 511 U.S. 825, 835 (1994) (quoting *Estelle v. Gamble*, 429 U.S. 97, 104 (1976));

3

*Terrance v. Northville Reg'l Psychiatric Hosp.*, 286 F.3d 834, 843 (6th Cir. 2002). A claim of deliberate indifference under the Eighth Amendment has both an objective and a subjective component. The objective component requires the existence of a sufficiently serious medical need. *Turner v. City of Taylor*, 412 F.3d 629, 646 (6th Cir. 2005). To satisfy the subjective component, the defendant must possess a "sufficiently culpable state of mind," rising above negligence or even gross negligence and being "tantamount to intent to punish." *Horn by Parks v. Madison Cty. Fiscal Court*, 22 F.3d 653, 660 (6th Cir. 1994). Put another way, "[a] prison official acts with deliberate indifference if he knows of a substantial risk to an inmate's health, yet recklessly disregards the risk by failing to take reasonable measures to abate it." *Taylor v. Boot*, 58 F. App'x 125, 126 (6th Cir. 2003) (citing *Farmer v. Brennan*, 511 U.S. at 837-47).

Plaintiff alleges that he was given medication apparently prescribed to someone else, which caused diarrhea and vomiting for four days. The Court finds that, at most, Plaintiff alleges negligence in the administration (or mis-administration) of his medicine. Once again, deliberate indifference is "a state of mind more blameworthy than negligence" and "requires 'more than ordinary lack of due care for the prisoner's interests or safety.'" *Farmer v. Brennan*, 511 U.S. at 835 (quotation omitted). Plaintiff does not allege that Defendant Storzan intentionally dispensed the wrong medication to Plaintiff; that Defendant Unknown Correctional Officer knowingly allowed Plaintiff to be given the wrong medication; or that the mistake resulted from anything other than lack of ordinary care or inadvertence. *See Johnson v. Karnes*, 398 F.3d 868, 875 (6th Cir. 2005) ("[W]hen a prison doctor provides treatment, albeit carelessly or inefficaciously, to a prisoner, he has not displayed a deliberate indifference to the prisoner's needs, but merely a degree of incompetence which does not rise to the level of a constitutional violation.") (internal

4

quotation marks omitted). Plaintiff has, therefore, failed to establish a "sufficiently culpable state of mind" to give rise to a deliberate indifference claim, and the § 1983 claims against Defendants Storzan and Unknown Correctional Officer must be dismissed.

The Court presumes that Plaintiff's claim against Defendant Bolton is based on his supervisory authority over one or both of the other Defendants. Even if the Court concluded that the claims against them could proceed, the doctrine of *respondeat superior*, or the right to control employees, does not apply in § 1983 actions to impute liability onto employers or supervisors. *Monell*, 436 U.S. at 691; *Taylor v. Mich. Dep't of Corr.*, 69 F.3d 76, 80-81 (6th Cir. 1995); *Bellamy v. Bradley*, 729 F.2d 416, 421 (6th Cir. 1984). Therefore, Plaintiff's claim against Defendant Bolton must also be dismissed.

Accordingly, Plaintiff's § 1983 claims must be dismissed for failure to state a claim upon which relief may be granted.

### *State-law claims*

Plaintiff also alleges medical malpractice, harassment, failure to supervise, and other state-law claims against Defendants. Under 28 U.S.C. § 1367(c)(3), "the district courts may decline to exercise supplemental jurisdiction over a claim . . . if . . . the district court has dismissed all claims over which it has original jurisdiction." Having determined that the federal claims, which provide the jurisdictional basis of this suit, should be dismissed, this Court declines to exercise supplemental jurisdiction over any remaining state-law claims. *See* 28 U.S.C. § 1367(c)(3); *see also United Mine Workers v. Gibbs*, 383 U.S. 715, 726 (1966). The state-law claims will be dismissed without prejudice.

5

For the foregoing reasons, the Court will enter a separate Order of dismissal.

Date: October 15, 2018

**David J. Hale, Judge**
**United States District Court**

cc: Plaintiff, *pro se*
Defendants
Jefferson County Attorney
4415.010

6